## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

RYNE MATHIAS,

               Plaintiff,

vs.

JAMIE BALDWIN,

               Defendant.

CV 25-217-M-KLD-WWM

ORDER DENYING MOTION TO
WITHDRAW CONSENT

On March 25, 2024, Plaintiff Ryne Mathias ("Mr. Mathias") filed a Petition to Establish a Parenting Plan and Child Support in the Confederated Salish Kootenai Tribes Tribal Court ("CSKT Tribal Court") regarding the minor child for whom he enjoys joint custody with Defendant Jamie Baldwin ("Ms. Baldwin"). (Doc. 1-4). On December 8, 2025, Associate Judge Bryan Dupuis, Sr. of the CSKT Tribal Court ordered a parenting plan whereby Mr. Mathias and Ms. Baldwin received shared custody of their child. (Doc. 1-1).

Ms. Baldwin removed the action to federal court on December 18, 2025, pursuant to 28 U.S.C. § 1443(a), which allows a defendant to remove any civil or criminal action commenced in a state court when they are denied "the equal civil rights of citizens of the United States." (Doc. 1). On January 15, 2026, Ms. Baldwin filed a Notice Regarding Consent to the Exercise of Jurisdiction by a

United States Magistrate, in which she consented to have a magistrate judge conduct all proceedings in the case. (Doc. 15 at 7). Accordingly, the action was assigned to United States Magistrate Judge Kathleen L. DeSoto. (Doc. 10).

Ms. Baldwin now moves to withdraw her consent, alleging that she did not knowingly or intelligently provide it because she "did not realize that Magistrates lacked the power to grant the relief [she] sought." (*Id.* at 3–4). Ms. Baldwin asserts that only an Article III Judge "has the power to grant the relief to make new law and set new precedents." (*Id.* at 1). Mr. Mathias "takes no position with respect to Ms. Baldwin's motion." (Doc. 16 at 1).

For the following reasons, the Court denies Ms. Baldwin's motion.

## I.    Legal Standard

"A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge." *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993). Parties may waive this right by consenting to a magistrate judge's jurisdiction over all proceedings, including entry of final judgement. *Id.* at 479–80; 28 U.S.C. § 636(c)(1). "To signify their consent, the parties must jointly or separately file a statement consenting to the referral." Fed. R. Civ. P. 73(b)(1).

Once a case has been referred to a magistrate under § 636(c), the referral may only be withdrawn by a district judge "for good cause shown on its own

motion or under extraordinary circumstances shown by any party." 28 U.S.C. §
636(c)(4); Fed. R. Civ. P. 73(b)(3); *Branch v. Umphenour*, 936 F.3d 994, 1003 (9th
Cir. 2019) (holding that "only a district judge may rule on a motion to withdraw
consent to the jurisdiction of a magistrate judge under section 636(c)(4)"). "There
is no absolute right, in a civil case, to withdraw consent to trial and other
proceedings before a magistrate judge." *Dixon*, 990 F.2d at 480.

The "extraordinary circumstances" standard "is a high bar that is difficult to
satisfy." *Branch*, 936 F.3d at 1004 (quoting *Savoca v. United States*, 199 F. Supp.
3d 716, 721 (S.D.N.Y. 2016)). The elevated threshold is intended to "prevent
gamesmanship," or "shopping between a magistrate and a district judge by, for
example, withdrawing consent because of dissatisfaction with a magistrate judge's
decision." *Id.*; *Samson Tug & Barge, Co. v. Int'l Longshore & Warehouse Union,
Alaska Longshore Div.*, No. CV 20-108-TMB, 2022 U.S. Dist. LEXIS 141082, at
*5 (D. Alaska Aug. 9, 2022) (citing *Branch*, 936 F.3d at 1004). "Neither mere
dissatisfaction with a magistrate judge's decision, nor unadorned accusations that
such decisions reflect judicial bias, will suffice." *Branch*, 936 F.3d at 1004.

## II.    Discussion

Ms. Baldwin argues that the "extraordinary circumstances" standard is met
in this case because, at the time she consented, she was "ignoran[t] of the limited
power of the Magistrate Judge" to decide the legal question raised in her removal

notice. [1]  (Doc. 15 at 3–5).  Specifically, Ms. Baldwin "ask[s] the Court to render a declaratory judgment that removal must be permitted from Tribal Courts" pursuant to 28 U.S.C. § 1443(a), despite the statute's explicit limitation to actions commenced in state court.  (*Id.* at 8–9).  Ms. Baldwin contends that "[o]nly an Article III judge appointed with lifetime tenure and no threat of reduction in salary is qualified" to "make new law and set new precedents."  (*Id.* at 1, 9).

As an initial matter, Ms. Baldwin is incorrect in her assertion that an Article III judge may disregard the plain language of § 1442(a) to "make new law."  *See Vivid Ent. LLC v. Fielding*, 774 F.3d 566, 573 (9th Cir. 2014) ("Federal courts should avoid judicial legislation, that is, amending rather than construing, statutory text, out of respect for the separation of powers principle that only legislatures ought to make positive law." (internal citations and quotations omitted)); *Salisbury v. City of Santa Monica*, 998 F.3d 852, 858 (9th Cir. 2021) ("It is a fundamental canon that where the 'statutory text is plain and unambiguous,' a court 'must apply the statute according to its terms.'") (quoting *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1054 (9th Cir. 2018)).

Furthermore, Ms. Baldwin's belief that a magistrate judge is not qualified to make decisions regarding constitutional issues is misplaced.  While there are some

---

[1] Ms. Baldwin cites to Fifth and Seventh Circuit authority to argue that her consent was not valid.  (Doc. 15 at 3-5).  Such decisions are not binding precedent on this Court.  *See Farrakhan v. Gregoire*, 590 F.3d 989, 1000 (9th Cir. 2010), *overruled on other grounds*, 623 F.3d 990 (9th Cir. 2010) (en banc) ("Out-of-circuit cases are not binding on this Court and therefore do not constitute 'controlling authority.'").

limitations on a magistrate judge's jurisdiction when they are designated by an Article III judge to determine pretrial matters pursuant to 28 U.S.C. § 636(b), no comparable restrictions apply when they exercise civil jurisdiction pursuant to § 636(c)(1).  When parties consent to have a magistrate judge preside over a civil matter, the magistrate judge is fully authorized to "order the entry of judgment in the case." 28 U.S.C. § 636(c)(1).  There is no statutory or constitutional exception that prevents magistrate judges from determining constitutional issues when they are exercising civil jurisdiction pursuant to the parties' consent.

Even if the Court were to accept Ms. Baldwin's premise that only an Article III judge, and not a magistrate judge, possesses the authority to grant the specific relief requested—a conclusion this Court does not reach—her misunderstanding of the law does not satisfy the "extraordinary circumstances" standard.  Ms. Baldwin's failure to ascertain the scope of a magistrate judge's jurisdiction before consenting constitutes a lack of diligence rather than an extraordinary event.  Her subsequent discovery of the potential strategic or legal limitations of her consent does not provide a basis for relief under § 636(c)(4).

## III.    Conclusion

**IT IS HEREBY ORDERED** that Ms. Baldwin's Motion to Withdraw Consent (Doc. 15) is **DENIED**.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 24th day of February, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE