IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

RYNE MATHIAS,

     Plaintiff,

vs.

JAMIE BALDWIN,

     Defendant,

CV 25-217-M-KLD

ORDER

This matter is before the Court on Plaintiff Ryne Mathias' motion to remand this case to the Tribal Court of the Confederated Salish and Kootenai Tribes of the Flathead Reservation ("CSKT Tribal Court"). (Doc. 5). For the reasons discussed below, the motion is granted.

## I.   Background

This action was commenced in CSKT Tribal Court. On March 25, 2025, Plaintiff Ryne Mathias filed a Petition to Establish Parenting Plan and Child Support with the CSKT Tribal Court. (Doc. 1-4). The petition "seeks to establish a parenting plan that allocates parental decision-making responsibilities and parenting time for the minor child(ren), to establish child support, and any other orders necessary to protect the best interest of the child(ren)." (Doc. 1-4 at 3). The petition indicates that Mathias and Defendant Jamie Baldwin are parents of the

1

minor child in question. (Doc. 1-4 at 3-4). Baldwin is proceeding pro se in this matter.

On December 18, 2025, Baldwin filed a notice of removal with this Court. (Doc. 1). The notice purports to establish grounds for removal from tribal to federal court. On January 6, 2026, Mathias filed the instant motion to remand this case back to CSKT Tribal Court. (Doc. 5). Pursuant to Local Rule 7.1(d)(1)(D), the motion is fully briefed and ripe for ruling.

After the instant motion to remand was filed, the Clerk of Court entered a notice indicating the assignment of this case to the undersigned Magistrate Judge, pursuant to L.R. 73.1. (Doc. 10). That assignment was made in light of the parties' consents to proceed before a magistrate judge. (*See* Docs. 4, 9). On January 26, 2026, Baldwin filed a motion to withdraw her consent. (Doc. 15). United States District Judge William W. Mercer denied the motion to withdraw consent in an order entered on February 24, 2026. (Doc. 18). Accordingly, Baldwin's consent remains operative and the case remains assigned to the undersigned Magistrate Judge.

## II.    Legal Standards

Federal district courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Their jurisdictional scope

is empowered by the Constitution and federal statute. *Kokkonen*, 511 U.S. at 377.

Federal subject matter jurisdiction is typically established by either the diversity of

the parties, pursuant to 28 U.S.C. § 1332, or the presence of federal questions in

the complaint, pursuant to 28 U.S.C. § 1331. The Court has a sua sponte obligation

to consider whether it has subject matter jurisdiction. *See Allstate Ins. Co. v.*

*Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191

F.3d 1020, 1025 (9th Cir. 1999)). If at any time before judgment it appears that the

district court lacks subject matter jurisdiction over a case removed from state court,

the case must be remanded. 28 U.S.C. § 1447(c).

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires (1) complete

diversity of citizenship between the parties and (2) an amount in controversy

exceeding $75,000. 28 U.S.C. § 1332(a). In contrast, the federal question

jurisdiction statute provides, "[t]he district courts shall have original jurisdiction of

all civil actions arising under the Constitution, laws, or treaties of the United

States." 28 U.S.C. § 1331. "The presence or absence of federal-question

jurisdiction is governed by the 'well-pleaded' complaint rule, which provides that

federal jurisdiction exists only when a federal question is presented on the face of

the plaintiff's properly pleaded complaint." *Ethridge v. Harbor House Restaurant*,

861 F.2d 1389, 1394 (9th Cir. 1988) (quoting *Caterpillar Inc. v. Williams*, 482

3

U.S. 386, 392 (1987)).

However, 28 U.S.C. § 1443(1) "provides an exception to the well-pleaded complaint rule, allowing a party to remove an otherwise unremovable action where the party is asserting a federal claim of race discrimination that 'cannot [be] enforce[d]' in the state courts." *Deutsche Bank Natl. Tr. Co. v. Young*, No. C-14-3170 EMC, 2014 WL 7336696, at *1 (N.D. Cal. Dec. 23, 2014) (citing 28 U.S.C. § 1443(1) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966)).

Removal under 28 U.S.C. § 1443 is commonly described as "civil rights removal." Section 1443 provides that certain civil or criminal cases "commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1443. Cases which may be removed include those "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction." 28 U.S.C. § 1443(1).

## III.   Analysis

In the notice of removal, Baldwin argues that she has been and will continue to be subject to unfair treatment in the CSKT Tribal Court system. Specifically, Baldwin alleges that because she is not a member of the Confederated Salish and

Kootenai Tribes, she has been "the targeted victim of systemic discrimination." (Doc. 1 at 29). Baldwin states that CSKT Tribal Court policies have prevented her from securing representation in this matter. (Doc. 1 at 3-4).

Baldwin further argues that the CSKT Tribal Court's continuing jurisdiction over this matter would be "inconsistent with the due process and equal protection guarantees of the Fifth, Ninth, and Fourteenth Amendments, and would constitute a nugatory mockery of due process, equal access to the courts, fair play, and substantial justice." (Doc. 1 at 29). In light of these allegations, Baldwin seeks removal to federal court pursuant to 28 U.S.C. § 1443(1).

Mathias' motion for remand does not address the issue of whether civil rights removal may be validly extended to encompass cases originating in tribal court. Instead, the motion is premised on two arguments concerning timing and waiver. First, Mathias argues that removal was untimely under 28 U.S.C. § 1446(b)(1). (Doc. 5 at 3-4). Section 1446(b)(1) provides that notice of removal must be filed within 30 days of receipt of the initial pleading or service of summons. 28 U.S.C. § 1446(b)(1). Mathias alleges that this timeframe has been greatly exceeded.

Second, Mathias argues that, given Baldwin's involvement in the case to this point, Baldwin has waived her right to removal. Mathias states that Baldwin

"appeared, answered, and vigorously participated in the case" in CSKT Tribal Court and that the effort to remove this case to federal court following that participation is akin to seeking a "second bit of the apple." (Doc. 5 at 5). Baldwin's response addresses the substance of Mathias' arguments and reiterates the purported basis for removal. (Doc. 13)

Although Mathias' briefing does not address the Court's subject matter jurisdiction, the issue is nevertheless dispositive. Baldwin's notice of removal explicitly requests that the Court accept jurisdiction and sustain removal "as a matter of first impression." (Doc. 1 at 6). The Court declines to do so and finds that, for the reasons set forth below, the Court lacks subject matter jurisdiction over this case. Because the lack of subject matter jurisdiction resolves the question of remand, the Court does not consider the merits of Mathias' arguments regarding timing and waiver nor Baldwin's responses to those arguments.

Civil rights removal is explicitly limited by statute to cases "commenced in a State court." 28 U.S.C. § 1443. Having considered Baldwin's arguments in support of extending jurisdiction to actions originating in tribal court, this Court declines to do so and finds that removal under section 1443 was improper. To extend jurisdiction and address the merits of this dispute would violate the statutory text of section 1443 and allow improper removal. *See Guam v. Landgraf,* 594 F.2d 201,

202 (9th Cir. 1979) (confirming that removal under section 1443(1) is expressly limited to state courts). Because this case cannot be properly removed, there is no federal subject matter jurisdiction. Given the Court's ongoing, sua sponte obligation to consider whether it has subject matter jurisdiction, the Court finds that remand is the only appropriate course of action.

**IV.    Conclusion**

Accordingly, IT IS ORDERED that Mathias' motion to remand (Doc. 5) is GRANTED. This case is hereby REMANDED to the CSKT Tribal Court.

DATED this 25th day of February, 2026

Kathleen L. DeSoto
United States Magistrate Judge