IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RYNE MATHIAS,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMIE BALDWIN,<br><br>    Defendant, | CV 25-217-M-KLD<br><br><br>ORDER |

This matter comes before the Court on Defendant Jamie Baldwin's motion titled "Motion for Relief Pursuant to Rules 59(e) and 60(b)(4)from Void Order of Remand entered By Magistrate Judge DeSoto." (Doc. 22). For the reasons set forth below, the Court denies the motion.

## I.    Background

This action was commenced in the Tribal Court of the Confederated Salish and Kootenai Tribes of the Flathead Reservation ("CSKT Tribal Court"). On March 25, 2025, Plaintiff Ryne Mathias filed a Petition to Establish Parenting Plan and Child Support with the CSKT Tribal Court. (Doc. 1-4). The petition "seeks to establish a parenting plan that allocates parental decision-making responsibilities and parenting time for the minor child(ren), to establish child support, and any other orders necessary to protect the best interest of the child(ren)." (Doc. 1-4 at 3).

1

The petition indicates that Mathias and Defendant Jamie Baldwin are parents of the minor child in question. (Doc. 1-4 at 3-4). Baldwin is proceeding pro se in this matter.

On December 18, 2025, Baldwin filed a notice of removal with this Court. (Doc. 1). The notice purports to establish grounds for removal from tribal to federal court. On January 6, 2026, Mathias filed a motion to remand this case back to CSKT Tribal Court. (Doc. 5). After the motion to remand was filed, the Clerk of Court entered a notice indicating the assignment of this case to the undersigned Magistrate Judge, pursuant to L.R. 73.1. (Doc. 10). That assignment was made in light of the parties' consents to proceed before a magistrate judge. (*See* Docs. 4, 9). On January 26, 2026, Baldwin filed a motion to withdraw her consent. (Doc. 15). United States District Judge William W. Mercer denied the motion to withdraw consent in an order entered on February 24, 2026. (Doc. 18).

On February 25, 2026, the Court entered an order remanding the matter back to the CSKT Tribal Court for lack of subject matter jurisdiction. (Doc. 19). In that order, the Court explained that removal under 28 U.S.C. § 1443 is "explicitly limited . . . to cases 'commenced in a State court.'" (Doc. 19 at 6, citing 28 U.S.C. § 1443). Accordingly, the Court determined

> [b]ecause this case cannot be properly removed, there is no federal
> subject matter jurisdiction. Given the Court's ongoing, sua sponte

obligation to consider whether it has subject matter jurisdiction, the Court finds that remand is the only appropriate course of action.

(Doc. 19 at 7). Following remand, Baldwin filed the instant motion.

## II.    Discussion

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). In general, Baldwin "seek[s] relief from the Void Order of Remand entered by Magistrate Kathleen L. DeSoto on January 23, 2026." (Doc. 22 at 2). Baldwin's request is apparently made pursuant to Fed. R. Civ. P. 59(e) and 60(b). (*See* Doc. 22 at ¶ 8).

Pursuant to Rule 59(e), parties may file a "motion to alter or amend a judgment" within 28 days of the entry of judgment. However, the Rule is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Rule provides "a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 507–08 (2020) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450, (1982)). Motions brought under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error,

or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Baldwin's sole apparent argument in support of her claims to relief is that the Court's order remanding this matter to state court (Doc. 19) exceeded the authority afforded to federal magistrate judges under 28 U.S.C. § 636(b). (*See* Doc. 22 at ¶¶ 9, 12). In support of that contention, Baldwin references the Ninth Circuit's decision in *Flam v. Flam*. 788 F.3d 1043 (9th Cir. 2015). There, the Court addressed limitations on federal magistrate judges' authority to issue orders on remand under 28 U.SC. § 636(b)(1)(A). *Flam*, 788 F.3d at 1048. Because the issue of remand is dispositive, the Ninth Circuit held, § 636(b)(1)(A) does not afford a magistrate judge the authority to issue an order remanding a case to state court.

In response, Mathias argues that remand was appropriate. However, Mathias also contends that Baldwin was correct in asserting that the order remanding this case should have been issued by a United States District Court Judge. "It appears that assertion is correct—the remand order should have been issued by an Article III judge pursuant to Flam." (Doc. 24 at 1-2).

However, Baldwin's reliance on *Flam v. Flam* is misplaced. While that case addressed a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A), this case concerns authority conferred pursuant to § 636(c). Judge William W. Mercer addressed the distinctions between § 636(b) and (c) in the February 24, 2026 order denying Baldwin's motion to withdraw consent:

> While there are some limitations on a magistrate judge's jurisdiction when they are designated by an Article III judge to determine pretrial matters pursuant to 28 U.S.C. § 636(b), no comparable restrictions apply when they exercise civil jurisdiction pursuant to § 636(c)(1). When parties consent to have a magistrate judge preside over a civil matter, the magistrate judge is fully authorized to "order the entry of judgment in the case." 28 U.S.C. § 636(c)(1).

(Doc. 18 at 4-5).

The order to remand in this matter (Doc. 19) was issued pursuant to § 636(c). Section 636(b)'s limitations on magistrate authority are therefore inapplicable to the order of remand. Both parties' reading of *Flam* is incorrect. Accordingly, Balwin's argument regarding magistrate judge authority is

unsuccessful. In total, Baldwin has not demonstrated the need for an amended or altered judgment pursuant to Rule 59(e) nor relief pursuant to the various subsections of Rule 60(b).

## III.    Conclusion

For the reasons set forth above,

IT IS ORDERED that Baldwin's motion (Doc. 22) is DENIED.

DATED this 29th day of April, 2026

_____
Kathleen L. DeSoto
United States Magistrate Judge